**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRI J. WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01812-RWS |
| | ) | |
| DENISE WALLS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ODER TO SHOW CAUSE**

Before the Court is self-represented Plaintiff Terri J. Walls's Motions for Leave to Proceed In Forma Pauperis. (Docs. 2 and 6). Having reviewed the Motions and financial information, the Court will grant the Motions and allow Plaintiff to proceed in forma pauperis, but will require Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

**The Amended Complaint**

Plaintiff brings this civil complaint against Defendant Denise Walls, alleging that she changed the locks on Plaintiff's mother's house and is prohibiting Plaintiff from entering. Plaintiff states that her mother had a stroke. Plaintiff is her mother's attorney-in-fact under her durable power of attorney. Plaintiff states that because she has been denied entry into her mother's house, she cannot provide the necessary care for her mother or oversee her well-being. Defendant refuses to recognize that Plaintiff is her mother's attorney-in-fact.

For relief, Plaintiff seeks an injunction restoring her access to her mother's residence and preventing Defendant from interfering with her authority under her mother's durable power of attorney.

**Discussion**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The presence of subject matter jurisdiction is a threshold requirement that must be established in every federal case. Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V.S. Ltd. P'ship v. Dept. of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Res.*, 495 F.3d 1017, 1020 (8th Cir. 2007); *see also* 28 U.S.C. §§ 1331 and 1332. Plaintiff's amended complaint does not arise under the Constitution, laws, or treaties of the United States. As such, no federal question jurisdiction exists.

Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Here, Plaintiff alleges both she and Defendant are citizens of Missouri. The parties are not diverse, which defeats diversity jurisdiction. Even if the parties were a citizens of different states, however, Plaintiff has not alleged the jurisdictional amount of more than $75,000 in damages, which also defeats diversity jurisdiction.

As the proponent of this Court's jurisdiction, Plaintiff has the burden of proving subject matter jurisdiction. *See Bell v. Hersey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). She has not

established either federal question jurisdiction or diversity jurisdiction.  As a result, Plaintiff will be required to show cause, within 21 days of the date of this Memorandum and Order to Show Cause, why this action should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Proceed In Forma Pauperis are **GRANTED**.  (Docs. 2 and 6).

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing, within 21 days of the date of this Order, why this matter should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order, her case will be dismissed without prejudice and without further notice to Plaintiff.

Dated this 13th day of February, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE